UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VINCENT P. SHERLEY                                                                                      PETITIONER

v.                                                                        CRIMINAL CASE NO. 3:05CR-133-CRS
                                                                              CIVIL ACTION NO. 3:14CV-457-CRS

UNITED STATES OF AMERICA                                                                        RESPONDENT

## MEMORANDUM OPINION

This matter is before the court for consideration of the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge concerning this habeas corpus petition, and objections filed thereto by petitioner Vincent P. Sherley, *pro se*.

Sherley was convicted in this court of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of 180 months imprisonment under the Armed Career Criminal Act ("ACCA") after the court found that his prior state robbery convictions satisfied the requirements of the ACCA. Sherley's conviction and sentence were affirmed on appeal on September 16, 2010, the Court of Appeals for the Sixth Circuit finding that Sherley's prior armed robbery convictions were properly found by the district court to be violent felonies under 18 U.S.C. § 924(e)(2)(B)(i) of the ACCA. Sherley did not appeal the Court of Appeals' decision to the United States Supreme Court. Sherley's judgment of conviction therefore became final on December 15, 2010.

On June 20, 2013, the United States Supreme Court decided the case of *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013). In that case, the court found that Descamps' sentence enhancement could not stand, as the sentencing court went beyond the permissible parameters of the modified categorical approach in seeking to determine whether Descamps' prior state conviction "count[ed] as one of the ACCA's enumerated predicate offenses (*e.g.*, burglary)." *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The court held that

> Descamps may (or may not) have broken and entered, and so committed generic burglary. But § 459 – the crime of which he was convicted – does not require the factfinder (whether jury or judge) to make that determination. Because generic unlawful entry is not an element, or an alternative element, of § 459, a conviction under that statute is never for generic burglary. And that decides this case in Descamps' favor; the District Court should not have enhanced his sentence under ACCA. That court and the Ninth Circuit erred in invoking the modified categorical approach to look behind Descamps' conviction in search of record evidence that he actually committed the generic offense. The modified approach does not authorize a sentencing court to substitute such a facts-based inquiry for an elements-based one. A court may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction.

*Descamps*, 133 S.Ct. at 2293.

Sherley filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 On June 23, 2014, approximately 3 ½ years after his conviction became final. Pursuant to 28 U.S.C. § 2255(f)(1), Sherley's motion is time-barred, as it was not filed within one year from the date upon which his conviction became final.

Sherley urges that his motion is timely under § 2255(f)(3), as it was filed within one year of the date of issuance of the *Descamps* decision.[1] He argues that the Supreme

---

[1] Sherley alleges that he signed the motion on June 17, 2014 and placed it in the prison mail system. He contends that under the "mailbox rule" his motion to vacate must be considered timely filed, even though the document bears a date stamp of June 23, 2014. For our purposes, we will assume that the motion was filed within one year of the *Descamps* decision.

Court stated a new rule of law in *Descamps*, and that it applies retroactively to cases on collateral review. This court need not address whether *Descamps* states a new rule of law or applies retroactively, as the *Descamps* case is inapplicable to Sherley's § 2255 motion. This is, in fact, the argument which was made by the United States in a motion to dismiss filed in response to the motion. The magistrate judge did not address the argument in his findings. Therefore, the magistrate judge's findings will be rejected.

Sherley contends that his "Sixth Amendment right to a jury trial was violated when the court applied an ACCA designation/enhancement without submitting the enhancement to a jury and proven [sic] beyond a reasonable doubt," and he was "denied effective assistance of counsel during the trial and appellate stages of this proceedings" because counsel did not heed Sherley's assertion that there were no ACCA predicates to impose the enhancement. DN 114, pp. 4, 5.

In order to avoid being statutorily barred by §2255(f)(1) from raising his arguments well past the one-year period, Sherley argues that he "seeks relief under 28 U.S.C. section 2255(f)(3)…" and then purports to quote the subsection. In fact, he does not quote § 2255(f)(3).

Section 2255 (f)(3) states that the one-year period of limitation shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Thus it is clear that a right newly recognized by the Supreme Court and made retroactive must be the right which the movant has asserted in order for the movant to avail himself of the extended limitation period of § 2255(f)(3). *Descamps* addressed the "generic crimes" listed in § 924(e)(2)(B)(ii). As the

enhancement of Sherley's sentence was based upon a finding that his prior convictions were for crimes that "ha[d] as an element the use, attempted use, or threatened use of physical force against the person of another," in satisfaction of § 924(e)(2)(B)(i), the *Descamps* decision does not address the denial of any right in the calculation of his sentence for which Sherley can find himself aggrieved. The *Descamps* case is simply inapplicable to Sherley's motion.

For these reasons, the court will enter a separate order dismissing Sherley's § 2255 motion.

**IT IS SO ORDERED.**

January 16, 2015

cc: Counsel of Record
    Vincent P. Sherley, *pro se*

**Charles R. Simpson III, Senior Judge**
**United States District Court**